# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
### 1:12 CR 59-5

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| **DANIEL RYAN ROBINSON,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

THIS CAUSE came on to be heard before the undersigned upon a Violation Report (#162) filed on March 10, 2014 in the above entitled cause by the United States Probation Office. In the Violation Report, the United States Probation Office alleges that Defendant had violated terms and conditions of his prehearing release. At the call of this matter on for hearing it appeared Defendant was present with his counsel, Meghann K. Burke, and the Government was present through Assistant United States Attorney, Tom Ascik, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through his attorney, admitted the allegations contained in the Violation Report. The records in this cause show that on October 16, 2013 a Petition (#141) was filed alleging that

1

Defendant had violated terms and conditions of his supervised release. After a period of detention, on January 3, 2014, the undersigned released Defendant on terms and conditions of prehearing release (#154). The conditions of release including the following:

> (4) The defendant must appear in court as required and must surrender to serve any sentence imposed.
>
> (5) The defendant promises to appear in court as required and surrender to serve any sentence imposed.

A hearing was scheduled before Judge Martin Reidinger concerning the allegations that Defendant had violated terms and conditions of his supervised release for February 21, 2014. The Defendant did not appear for his supervised release hearing and Judge Reidinger issued an arrest warrant for Defendant on that date (#159). Thereafter, Defendant was apprehended and was brought before this Court.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any

other condition of release; and
(2) finds that ---
(A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
(B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

Based upon the evidence contained in the Violation Report and the admission of Defendant, the undersigned finds by clear and convincing evidence that Defendant did violate the terms and conditions of his release that required him to appear in Court as required and surrender as directed for service of any sentence imposed. The Defendant did not appear on February 21, 2014 for his supervised release hearing before United States District Judge Martin Reidinger.

Due to the findings made above and considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will appear and not abscond. It is the opinion of the undersigned, that based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release.

As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of prehearing release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: March 14, 2014

Dennis L. Howell
United States Magistrate Judge